BLD-222                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1665
_____

YVONNE WORMAN,
                                        Appellant

v.

NANCY BARASSE, ESQ; JOHN HENRY "SHANE" SCANLON, ESQ;
RUTH BORLAND, ESQ; JUDGE VITO GEROULO; JUDGE PATRICIA CORBETT;
JUDGE MICHAEL BARRASSE; FRANK CASTELLANO; VIRGINIA BARRETT;
FRAN KOVALESKI; SEAN GEROW; NANCY HUDACK; GENE EIDEN, Chief of
Adult Probation/Parole; LACKAWANNA COURT OF COMMON PLEAS;
LACKAWANNA COUNTY; LACKAWANNA COUNTY COMMISSIONERS;
JERRY NOTRIANNI; LACKAWANNA COUNTY DA'S OFFICE; MARK POWELL;
JUDITH PRICE; PA STATE POLICE; ADULT PROTECTIVE SERVICES;
LAUREL MASCO; DEPARTMENT OF HUMAN SERVICES; VALERIE ARKOOSH;
LIBERTY HEALTHCARE CORPORATION; SARAH MARION;
PENNSYLVANIA ASSOCIATION OF AREA AGENCIES ON AGING; UNIVERSAL
INSTITUTE REHAB; FAMILY SERVICE ASSOCIATION OF NEPA;
MOORE TOWNSHIP POLICE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:23-cv-01488)
District Judge:  Honorable Karoline Mehalchick
_____

Submitted on Appellees' Motions for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
September 25, 2025

Before:  SHWARTZ, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed September 30, 2025)

_____

OPINION[*]

_____

PER CURIAM

In 2023, pro se litigant Yvonne Worman initiated this civil-rights action in the District Court. Her amended complaint, which was the operative pleading, named a host of defendants and related to, inter alia, protection-from-abuse ("PFA") proceedings that had been brought against her in Pennsylvania state court.[1] On March 27, 2025, the District Court granted the defendants' motions to dismiss the amended complaint without further leave to amend. In doing so, the District Court (1) concluded that Worman's federal claims were barred by the Rooker-Feldman doctrine and Younger abstention, and (2) declined to exercise supplemental jurisdiction over her state-law claims. Worman timely appealed from that judgment.[2] Appellees now move for summary affirmance and to be relieved of filing a brief in response to Worman's brief.

Worman's appellate brief, liberally construed, does not address any aspect of the District Court's analysis. Accordingly, we deem these issues forfeited. See In re LTC Holdings, Inc., 10 F.4th 177, 181 n.1 (3d Cir. 2021) (noting that "arguments not

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Worman states that "[t]his is [her] SEVENTH attempt to show to a reputable judge that a fake, case-fixed PFA was filed and issued against [her]." 3d Cir. Docket No. 27, at 15 (bolded emphasis omitted).

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

developed in an appellant's opening brief are forfeited" (citing <u>In re Wettach</u>, 811 F.3d 99, 115 (3d Cir. 2016))); <u>see also</u> <u>Emerson v. Thiel Coll.</u>, 296 F.3d 184, 190 n.5 (3d Cir. 2002) (per curiam) (applying this rule to a pro se appeal). And this appeal does not otherwise present a substantial question. For these reasons, we grant Appellees' motions for summary affirmance and to be relieved of filing a response brief, and we will summarily affirm the District Court's judgment. <u>See</u> 3d Cir. I.O.P. 10.6. To the extent that Worman seeks any other relief from us, that relief is denied.